IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02854-BNB

VIRGIL F. RICE,

    Applicant,

v.

JAMES ALDERDEN, Larimer County Sheriff, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 03 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Virgil F. Rice, is a pretrial detainee and currently is held at the Larimer County Detention Facility in Fort Collins, Colorado. Mr. Rice, acting *pro se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In the Application, Mr. Rice asserts five claims, including (1) denial of bond; (2) denial of proper medical care under the Eighth Amendment; (3) denial of proper medical care affecting his ability to represent himself in his pending state criminal proceeding; 4) denial of his right to self-defense in his pending state criminal case; and (5) extradition violations. Mr. Rice seeks release from detention on a "PR" bond so that he may obtain adequate medical care, as well as other injunctive relief.

The Court must construe the Application liberally because Mr. Rice is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Rice will be ordered to file an Amended Application.

The Court has reviewed the Application and finds that it is deficient. Mr. Rice fails to assert claims that comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(4); **Browder v. Director, Dep't of Corrections**, 434 U.S. 257, 269 (1978); **Ewing v. Rodgers**, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Mr. Rice's claims fail to comply with Fed. R. Civ. P. 8(a)(2) because they are not short and plain statements showing that he is entitled to relief.

Mr. Rice is a pretrial detainee and is subject to untried charges. Claims One and Five, his excessive bail claim and his extradition claim, more properly are raised pursuant to 28 U.S.C. § 2241. *See Jacobs v. McCaughtry*, 251 F.3d 596, 597-98 (7th Cir. 2001). However, Mr. Rice must exhaust state remedies before he raises his habeas corpus claims in federal court. **Montez v. McKinna**, 208 F.3d 862, 865 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been

presented fairly to the state's highest court. *See Castille v. Peoples*, 489 U.S. 346, 350-51 (1989).

With respect to Claims Three and Four, absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971); *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995). To establish extraordinary or special circumstances, a plaintiff must be facing an irreparable injury that is both great and immediate. *See Younger*, 401 U.S. at 46. The exceptions to *Younger* provide only for a "very narrow gate for federal intervention." *Phelps*, 59 F.3d at 1064 (internal quotation marks omitted). Mr. Rice's challenges to his right to defend himself in his ongoing criminal proceeding and his inability to adequately do so because of his medical conditions do not demonstrate great and immediate irreparable injury. *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977). Therefore, Mr. Rice fails to assert an exception to *Younger*.

As for Claim Two, conditions of confinement claims must be raised in a separate 42 U.S.C. § 1983 action. Mr. Rice may not raise civil rights claims in the instant habeas corpus action.

Although Mr. Rice has failed to comply with Fed. R. Civ. P. 8, he will be given an opportunity to file his excessive bail claim and his extradition claim on a Court-approved form used in filing 28 U.S.C. § 2241 actions. Accordingly, it is

ORDERED that Mr. Rice file **within thirty days from the date of this Order** an Amended Application that complies with the Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Rice, together with a copy of this Order, two copies of the following Court-approved form:  Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  It is

FURTHER ORDERED that if Mr. Rice fails within the time allowed to file an Amended Application as directed the Application will be denied and the action will be dismissed without further notice.

DATED February 3, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02854-BNB

Virgil F. Rice
Larimer County Det. Center
2405 Midpoint Dr.
Fort Collins, CO 80525

  I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on 2/3/10

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk