IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02854-BNB

VIRGIL F. RICE,

Applicant,

v.

JAMES ALDERDEN, Larimer County Sheriff,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 19 2010

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

I. Background

Applicant, Virgil F. Rice, currently is detained at the Larimer County Detention Facility in Fort Collins, Colorado. Mr. Rice, acting ***pro se***, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Upon review of the Application, Magistrate Judge Boyd N. Boland determined that only two of the five claims Mr. Rice had raised in the § 2241 action were properly filed in a § 2241 action. The remaining three claims either were barred from review pursuant to ***Younger v. Harris***, 401 U.S. 37, 45 (1971), or were more properly filed in a 42 U.S.C. § 1983 action. Mr. Rice was instructed to submit an Amended Application that contained only § 2241 claims, which he did on March 4, 2010.

In an order filed on March 10, 2010, Magistrate Judge Boyd N. Boland directed Respondent to file a preliminary response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies.

On March 31, 2010, Respondent filed a Preliminary Response. Although Mr. Rice did not file a Reply to the Preliminary Response, he did submit a Letter and a CD-ROM. Mr. Rice asserted in the Letter that the CD-ROM contained three files, one of which was his Reply to the Preliminary Response. Mr. Rice also asserted in the Letter that he submitted the CD-ROM to the Court because the jail where he is detained would not print the files saved on the CD-ROM. Mr. Rice asked the Court to direct the jail to print his documents. Magistrate Judge Boland entered an order on April 1, 2010, denying Mr. Rice's request because he does not assert that the jail denied him access to writing materials and the Court does not require filings by ***pro se*** litigants to be typed. The CD-ROM was returned to Mr. Rice, and he was directed to file a Reply to the Preliminary Response within twenty-one days if he desired.

On May 3, 2010, Respondents filed a Supplemental Response asserting that Mr. Rice was convicted on April 16, 2010, and is awaiting sentencing on June 25, 2010. Respondents contend that Mr. Rice's request for relief from pretrial detention is moot and that the action should be dismissed. Mr. Rice filed a Reply (Applicant's Response to Respondent's May 3, 2010 Pleading and Petition for Appeal to Judge) to the Supplemental Response on May 10, 2010, asserting that the Application is not moot and the legality of his pretrial detention is still at issue. Mr. Rice also argues in the May 10 Reply that his conviction should be invalidated. Finally, Mr. Rice seeks an extension of time to reply to Respondent's Preliminary Response regarding the timeliness of his filing and whether he has exhausted all state court remedies. The Court will deny Mr. Rice's request for an extension of time to file a Reply. Nothing Mr. Rice may assert

will overcome the fact that he has failed to exhaust his state court remedies with respect to his claims.

Mr. Rice raises two claims in his Application. In Claim One, Mr. Rice asserts that the $500,000 bond to which he has been subject is excessive and tantamount to a denial of a bond in violation of the No Excessive Bail Clause of the Eighth Amendment. In Claim Two, Mr. Rice asserts that he was illegally extradited to Colorado from Spain, and both the Larimer County Prosecutor and the Larimer County Court fail to comply with the conditions of the extradition in his prosecution. Mr. Rice requests that he be released on an affordable cash bond with no special monitoring and his criminal case be continued so that he could prepare for trial. Mr. Rice also asks that (1) the trial court be ordered to comply with the terms of the extradition; (2) the district attorney be required to produce all documents supplied to Spain in support of his extradition; (3) the documents from Spain regarding the extradition be translated; and (4) the criminal matter be dismissed if it is found that the district attorney fabricated evidence.

## II. Analysis

The Court must liberally construe Mr. Rice's Application because he is not represented by an attorney. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a ***pro se*** litigant. ***See Hall***, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

First, to the extent Mr. Rice asserts in the Amended Application that the trial court and the prosecutor refuse to abide by the conditions of his extradition agreement, he is challenging his criminal proceeding in state court. Mr. Rice's criminal proceeding

is ongoing as he will not be sentenced until June 25, 2010. Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. ***See Younger v. Harris***, 401 U.S. 37, 45 (1971); ***Phelps v. Hamilton***, 59 F.3d 1058, 1063-64 (10th Cir. 1995). To establish extraordinary or special circumstances, a plaintiff must be facing an irreparable injury that is both great and immediate. ***See Younger***, 401 U.S. at 46. The exceptions to ***Younger*** provide only for a "very narrow gate for federal intervention." ***Phelps***, 59 F.3d at 1064 (internal quotation marks omitted). Mr. Rice's refusal to abide claim, by itself, is not sufficient to establish great and immediate irreparable injury. ***See Younger***, 401 U.S. at 46; ***Dolack v. Allenbrand***, 548 F.2d 891, 894 (10th Cir. 1977). Therefore, Mr. Rice fails to assert an exception to ***Younger***.

Furthermore, to the extent Mr. Rice now contends in a Reply filed on May 10, 2010, that his federal constitutional rights were violated in obtaining his conviction, he may pursue his claims in this Court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state court remedies.

A. Time Bar/28 U.S.C. § 2244(d)

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that the Application is untimely with respect to Claim Two because the factual predicate for Claim Two most likely arose when Mr. Rice was extradited from Spain, which was well before his first appearance in Larimer County District Court on October 3, 2008. Respondents further contend that the limitation period ran without interruption until it expired on October 3, 2009, and even assuming that Mr. Rice's petition to the Colorado Supreme Court constituted a collateral review capable of tolling the limitation period, the petition was filed after the limitation period had expired. (Preliminary Resp. at 6.) Respondents further assert that Mr. Rice's additional claim that the trial court and the prosecutor refuse to abide by the conditions of his extradition agreement is premature. (***Id.*** at 7.)

Mr. Rice concurs that he was returned to the Larimer County Detention Center on October 2, 2008. (Application at 2.) He also claims that he exhausted his state

court remedies by filing a petition with the Colorado Supreme Court on October 19, 2009, which was denied on October 21, 2009. (Application at 7.) Mr. Rice dated and signed the original application that he filed in this action on November 30, 2009. As stated by Respondents, even if the Court assumes the petition Mr. Rice filed in the Colorado Supreme Court constituted a proper collateral review of Mr. Rice's extradition claims, the time from October 3 until October 18, 2009, and from October 22 until November 29, 2009, is not tolled for the purposes of § 244(d). Mr. Rice, therefore, has exceeded the time allowed to file a habeas action in this Court regarding his extradition from Spain to Colorado.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. ***See Miller v. Marr***, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. ***See Gibson v. Klinger***, 232 F.3d 799, 808 (10th Cir. 2000). Simple excusable neglect, however, is not sufficient to support equitable tolling. ***See id***. Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. ***See Miller***, 141 F.3d at 978. The inmate must allege with specificity the steps he took to pursue his federal claims. ***Yang v. Archuleta***, 525 F.3d 925, 930 (10th Cir. 2008). Finally, Mr. Rice bears the burden of demonstrating that equitable tolling is appropriate in this action. ***See Miller***, 141 F.3d at 978.

In the pleadings Mr. Rice has submitted to the Court in this action, he fails to allege sufficient facts that might justify equitable tolling of the one-year limitation period with respect to his extradition claim. Although Mr. Rice did not file a Reply to the Respondent's Preliminary Response within the time allowed, he now requests an extension of time to do so. Even if the Court were to grant Mr. Rice an extension of time to file a Reply, any argument he may present supporting equitable tolling is moot. As stated above and will be discussed below, the Court will dismiss the extradition claim for failure to exhaust state court remedies and not as time barred.

B. State-Court Exhaustion

Although Mr. Rice's excessive bail claim and his extradition claim properly are raised pursuant to 28 U.S.C. § 2241, ***see Jacobs v. McCaughtry***, 251 F.3d 596, 597-98 (7th Cir. 2001), he must exhaust state remedies before he raises his habeas corpus claims in federal court. ***Montez v. McKinna***, 208 F.3d 862, 865 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state's highest court. ***See Castille v. Peoples***, 489 U.S. 346, 350-51 (1989).

If a "claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . ."[r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." ***Castille***, 489 U.S. at 351; ***see also Parkhurst v. Shillinger***, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation). The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. ***See Rogers v. Best***, 171 P.2d 769, 770

(Colo. 1946). "The exhaustion requirement is not one to be overlooked lightly." ***Hernandez v. Starbuck***, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. ***See Miranda v. Cooper***, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents contend, and Mr. Rice confirms in his Amended Application, that the only state court remedy he pursued to exhaust his state court remedies regarding the excessive bond and extradition issues was the submission of a Colo. App. R. 21 petition for relief to the Colorado Supreme Court. (Preliminary Resp. at 2. and Am. Application at 4 and 7.) Respondents further contend, citing Colo. Rev. Stat. § 13-45-103(2)(a), (c), (e), that under Colorado's state habeas proceedings "a prisoner can be discharged where, among other reasons, the court exceeded its jurisdiction, the process was defective in some substantial form required by law, or proper process was issued or executed by a person unauthorized to do so" and that Mr. Rice's claims are the proper subject of a state habeas petition. (Preliminary Resp. at 2-3.) Relying on ***Allen v. Zavaras***, 568 F.3d 1197, 1203 (10th Cir. 2009), Respondents conclude that because the Supreme Court dismissed the writ without addressing the merits, and because Mr. Rice did not raise his claims with the Larimer County District Court, he has failed to exhaust his state court remedies. (***Id.***)

This Court agrees with Respondents. The Supreme Court did not address the merits of Mr. Rice's claims. (***See*** Preliminary Resp., Ex. A.) Therefore, Mr. Rice's claims were not fairly presented to the Colorado Supreme Court as required. ***Castille***, 489 U.S. at 351; ***Parkhurst***, 128 F.3d at 1369. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies. It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Rice has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

DATED at Denver, Colorado, this 19th day of May, 2010.

BY THE COURT:

Christine M Arguello

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02854-BNB

Virgil F. Rice
Prisoner No. 0812864
Larimer County Det. Center
2405 Midpoint Dr.
Fort Collins, CO 80525

David P. Ayraud
Larimer County Attorney's Office
**DELIVERED ELECTRONICALLY**

William G. Ressue
Larimer County Attorney's Office
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/19/10

GREGORY C. LANGHAM, CLERK

By: ______________________
Deputy Clerk